

ORDERED in the Southern District of Florida on May 26, 2021.

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

*Tagged Opinion*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                              CASE NO.: 18-21944-LMI
                                                    Chapter 13
KEITH ANDREW SMITH,

    Debtor.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF CONVERSION FROM CHAPTER 11 TO CHAPTER 13**

THIS MATTER came before the Court for hearing on March 2, 2021 (the "Hearing"), upon the *Motion to Dismiss or in the Alternative Motion to Vacate Order of Conversion from Chapter 11 to Chapter 13* (the "Motion") (ECF #148)[1] filed by

---

[1] The Chapter 13 Trustee's multi-part motion is docketed twice (ECF ##146, 148) while the substance of the motions is identical. This Order shall treat both motions as if they were only docketed once.

Nancy K. Neidich, the Standing Chapter 13 Trustee, and joined by an *Objection to Confirmation of Chapter 13 Plan* (ECF #143) and subsequent *Memorandum of Law in Support of Motion to Dismiss* (ECF #172) (collectively, "Secured Creditor's Objection") filed by Creditor The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Nationstar Home Equity Loan Trust 2007-B (the "Secured Creditor"). After oral arguments from the Chapter 13 Trustee ("Trustee") and counsel for Keith Smith, Jr., the son of the deceased Debtor and the personal representative of the Debtor's probate estate ("Keith, Jr.") the Court directed the parties to submit proposed orders in support of their respective positions. The Court having considered the oral arguments of the parties, pleadings, applicable case law, history of this case, and the proposed orders, **GRANTS** the Motion in part and **DENIES** the Motion in part. The Court agrees with the Chapter 13 Trustee that the case cannot remain in Chapter 13; however, in light of the history of this case the Court will not dismiss the Chapter 13 case but will re-convert the case to a case under Chapter 11.

## **FACTS & PROCEDURAL HISTORY**

On September 27, 2018, (the "Petition Date"), Keith Andrew Smith, Sr. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. This was not the Debtor's first bankruptcy case. The Debtor previously filed for bankruptcy under Chapter 13 on April 13, 2010 (Case No. 10-19586-LMI).[2] The Debtor spent almost ten years trying to work through problems with his lenders to save his property located at 821 S.W. 6th Street,

---

[2] Mr. Smith was represented pro bono in his Chapter 13 case and in this case by the Eleanor R. Cristol and Judge A. Jay Cristol Bankruptcy Pro Bono Assistance Clinic of the University of Miami School of Law.

2

Homestead, Florida (the "Property"). When those efforts proved problematic in the Chapter 13 case due to the passage of time, the Debtor requested dismissal, which request the Court granted, allowing the Debtor to file a new bankruptcy case immediately.[3]

For nearly two years, the Debtor participated as a debtor-in-possession in his Chapter 11 case; the Debtor attended an Initial Debtor Interview with the United States Trustee and also appeared for a 11 U.S.C. §341 meeting, where he was examined by the United States Trustee. Since the commencement of the Chapter 11 case, the Debtor has been litigating the value of the Property with the Secured Creditor.[4] After 18 months, the valuation dispute was finally resolved by an agreed order, entered on October 8, 2020, determining the value of the Property to be $100,000.[5]

In September 2020, the Debtor unexpectedly passed away. On October 16, 2020, Keith, Jr., the Debtor's son and then-putative personal representative of the Debtor's probate estate, filed a *Motion to Authorize Continued Administration by Debtor's Personal Representative and Convert to Chapter 13 and to Extend Plan Deadline* (the "Motion to Convert") (ECF #121). The Motion to Convert detailed that Keith, Jr. would represent the bankruptcy estate and effectuate his father's desire to pay creditors and retain for the family the only asset that the Debtor could pass on. The source of funds for the Chapter 13 plan was to be the Debtor's children.

---

[3] *See Order Dismissing Case and Waiving the Prejudice Period*, dated January 20, 2018, in Case No. 10-19586 (ECF #138).
[4] *See Debtor's Motion to Value Collateral* (ECF #32); Secured Creditor's *Preliminary Response to Debtor's Motion to Value Collateral* (ECF #35).
[5] *See Agreed Order Granting Debtor's Motion to Value Collateral* (ECF #119).

3

The Motion to Convert was served on the Secured Creditor and on the United States Trustee, but not on the Chapter 13 Trustee.[6] On November 4, 2020, this Court held a hearing on the Motion to Convert. The Secured Creditor did not appear at the hearing or file any objection to the relief sought. The United States Trustee did not object to the conversion of the case to a case under Chapter 13. On the same day, the Probate Court of Miami-Dade County appointed Keith, Jr., as the personal representative of the Debtor's probate estate.

On November 12, 2020, the Court entered an order granting the Motion to Convert in its entirety[7] along with a separate *Order Converting Case Under Chapter 11 to Case Under Chapter 13* (the "Conversion Order") (ECF #127) which Conversion Order was entered on November 18, 2020. The Conversion Order was served on the Secured Creditor, all other creditors, and the United States Trustee. The Conversion Order became final on December 2, 2020, without any objection or notice of appeal. *See* Fed. R. Bankr. P. 9023.[8] On January 5, 2021, after the time to appeal had lapsed, *see* Fed. R. Bankr. P. 8002(a)(1), the Secured Creditor first raised its objection to the Debtor's eligibility to proceed in Chapter 13.[9]

Upon conversion of the case, a new section 341 meeting was set for January 21, 2021.[10] Prior to the section 341 meeting, the Chapter 13 Trustee

---

[6] *See Certificate of Service* (ECF #123).
[7] *See Order Granting Motion to Authorize Continued Administration by Debtor's Personal Representative and Convert to Chapter 13* (ECF #125).
[8] Fed. R. Bankr. P. 9023 makes Rule 59 of the Federal Rules of Civil Procedure applicable to bankruptcy cases.
[9] *See* Secured Creditor's *Objection to Confirmation of Chapter 13 Plan* (ECF #143 at ¶6); Secured Creditor's *Memorandum of Law in Support of Motion to Dismiss* (ECF #172).
[10] *See* (ECF #139).

filed her Motion arguing this case should not be able to proceed as a case under Chapter 13 because the Debtor passed away prior to the section 341 meeting being held and the Chapter 13 plan being submitted. Keith Jr., filed a response[11] arguing that further administration of the Chapter 13 case is possible and therefore, the case can proceed under Fed. R. Bankr. P. 1016, which allows Chapter 13 cases to continue after the death of the debtor under certain circumstances.

## ANALYSIS

The Court will consider first whether either the Chapter 13 Trustee or the Secured Creditor is barred from seeking relief from the Conversion Order. At the Hearing, counsel for Keith Jr., conceded that the Chapter 13 Trustee is not barred from objecting to the Conversion Order because the Trustee was not served with the Motion to Convert.

However, the Court finds that the Secured Creditor is barred from raising objections because the Secured Creditor is trying to do indirectly what it did not do directly. The Secured Creditor received notice of the Motion to Convert, failed to appear, failed to timely object, and failed to appeal the Conversion Order. The Secured Creditor's Objection raises issues that could have been raised, and should have been raised, at the time the Motion to Convert was filed. Accordingly, the law of the case doctrine bars the Secured Creditor's efforts to relitigate the issue of whether this case can remain in Chapter 13. *See, e.g., Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1312 (11th Cir. 1995) (*per*

---

[11] *See Response to Trustee's Motion to Dismiss or in the Alternative Motion to Vacate Order of Conversion from Chapter 11 to Chapter 13* (ECF #158).

*curiam*), *modified*, 77 F.3d 1321 (11th Cir. 1996); *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 566 (Bankr. S.D. Fla. 2010) (applying the law of the case doctrine to "those legal issues that were actually, or by necessary implication, decided.").

Thus, the Court will focus on the Chapter 13 Trustee's objection. Can this Chapter 13 case continue when the Debtor died prior to the Chapter 13 plan being filed? The Court finds that the answer to that question is "no."[12]

Rule 1016 addresses the effect of death or incompetency of a debtor on a pending Chapter 11 or Chapter 13 bankruptcy case. Where a debtor dies in a case pending under either Chapter 11 or Chapter 13,

> the case may be dismissed; or **if** further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Fed. R. Bankr. P. 1016 (emphasis added).

The Bankruptcy Code requires every debtor to appear at a first meeting of creditors. 11 U.S.C. §341. However, it has been the practice in this District to allow someone other than a debtor to appear at the 341 meeting if the other person has sufficient knowledge regarding a debtor's finances and the reasons for filing the bankruptcy case. Thus, the Debtor's unavailability to appear at the Chapter 13 341 meeting is not the dispositive problem.

---

[12] The Court is aware that there are cases addressing whether a Chapter 13 case can continue after a plan has been filed but before the plan is confirmed, *see, e.g., In re Terry*, 543 B.R. 173 (E.D. Pa. 2015), and other cases addressing whether a Chapter 13 plan filed by a debtor may be modified after the debtor passes away, *see, e.g., In re Perkins*, 381 B.R. 530 (Bankr. S.D. Ill. 2007). The Court does not need to address these scenarios and nothing in this Order is intended to, or shall, constitute any ruling with respect to a debtor passing away after a Chapter 13 plan has been filed.

6

The problem in this case is that the Debtor did not file a Chapter 13 plan before he died. 11 U.S.C. §1321 states that the "**debtor** shall file a plan." (emphasis added).[13] Thus the issue before this Court, irrespective of how the parties have sought to frame it— is not whether "further administration" of the Chapter 13 case is possible but rather, whether any administration is possible when the Debtor cannot file any Chapter 13 plan. *See In re Spiser*, 232 B.R. 669, 673 (1999) (dismissing Chapter 13 case when the joint debtors died prior to filing a final plan). *But see In re Lewis*, 2011 Bankr. LEXIS 1765 (Bankr. E.D. N.C. May 12, 2011) (allowing debtor's executor to propose a plan on behalf of the debtor without considering section 1321). All of the cases upon which Keith Jr., relies are distinguishable from the facts in this case because in those cases, the debtors died *after* a plan had been filed by the debtor. *See In re Perkins*, 381 B.R. 530 (2007) (allowing further administration of Chapter 13 case when the debtor died *after* the plan was confirmed); *In re Fogel*, 550 B.R. 532 (D. Colo. 2015) (allowing debtor's personal representative to complete the remaining plan payments under the Chapter 13 plan that was confirmed prior to the debtor's death). Thus, the inquiry is not whether Keith Jr., could file a plan consistent with his late father's wishes, but rather whether the law allows Keith Jr., to do so. The statute is unambiguous and nothing in a rule can alter the language of the statute. *See United States v. Mount Sinai Med. Ctr. of Fla., Inc.*, 486 F.3d 1248, 1251 (11th Cir. 2007). Accordingly, it is

ORDERED as follows:

---

[13] Although the statute is unambiguous, the Court notes that the legislative history of section 1321 makes clear that "Chapter 13 contemplates the filing of a plan **only** by the **debtor**." S. REP. NO. 95-989, at 141 (1978) (emphasis added).

7

1. The Trustee's Motion is GRANTED in part and DENIED in part.

2. The Conversion Order is vacated and this case will continue as a Chapter 11 case.[14]

3. The Secured Creditor's Objection is OVERRULED.

### 

Copy to:
Patricia A. Redmond, Counsel for Keith Smith, Jr., as personal representative of the Estate of Keith Andrew Smith
Nancy K. Neidich, Chapter 13 Trustee

*Trustee Nancy K. Neidich is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from the entry of this Order.*

---

[14] In Chapter 11, parties other than a debtor may file a plan. 11 U.S.C. §1121(c).